BUCKEYE UNION INSURANCE COMPANY, APPELLEE, *v.*
SHELBY MUTUAL INSURANCE COMPANY, APPELLANT.

[Cite as Buckeye Union Ins. Co. *v.* Shelby Mut. Ins. Co. (1984),
12 Ohio St. 3d 46.]

(No. 83-1572—Decided July 3, 1984.)

*Sommer, Solovan & Piergallini Co., L.P.A., Mr. Lawrence T. Piergallini* and *Mr. Keith A. Sommer,* for appellee.

*Lancione Law Office Co., L.P.A.,* and *Mr. Bernard G. Lancione,* for appellant.

REILLY, J. The relevant part of the leased equipment agreement between Hoffman and Kuhn, owner of the tractor and the insured of Buckeye Union Insurance, and C & D, insured of Shelby, provides the following:

"5.  (a) The LESSOR agrees to secure and pay for and maintain public liability and property damage insurance protecting the interest of all parties to this contract against liability for damage, personal injury or death caused by any vehicle leased hereunder, to the extent of 300,000 per accident subject to limits of 100,000 per person, and the sum of 50,000 per accident against

liability for damage to property caused by any vehicle leased hereunder, and furnish evidence thereof to the LESSEE.

"* * *

"(d) The LESSEE to hold the LESSOR harmless for any accident or other claims resulting from the negligence of the LESSEE or its driver in the operation of the automobiles herein rented, except as to such accident or other claims covered by the personal injury and property damage, liability insurance covering the vehicles leased hereunder as provided for above."

Therefore, as the court of appeals correctly found, pursuant to 5(a), Hoffman and Kuhn agreed to insure for damages if an accident was caused by a leased tractor, but not for accidents caused by C & D or its employees. Moreover under 5(d), it is clear that Hoffman and Kuhn did not agree to insure the negligent acts of C & D or its driver under the express language of the lease. Considering the testimony at trial, which stated that C & D's driver was negligent and the brakes of C & D's trailer were defective, it follows that Shelby or its insured, C & D, would be required to pay for the loss resulting from the accident.

Nevertheless, although Shelby stipulated that C & D's driver was negligent, Shelby contends that an endorsement on Buckeye's policy covering Hoffman and Kuhn, expands the coverage of the policy concerning the tractor. The endorsement reads as follows:

"It is hereby understood and agreed that this policy provides coverage for any Lessee up to the limit of liability stipulated in the individual Certificate of Insurance issued to that Lessee under this policy, and/or as stipulated in the Leased Equipment Agreement between the individual Lessee and Hoffman & Kuhn, Inc., and/or as stipulated by separate endorsement to this policy."

The endorsement, however, was dated April 1, 1974, while the lease was dated December 5, 1975. Hence, the lease being later in time is controlling and does not extend coverage to the lessee, C & D. The risks and liabilities assumed by parties to a leased equipment agreement cannot be considered altered by endorsements to an insurance policy covering the leased equipment which are incorporated under the terms of the lease and are dated prior to its inception.

There was also another endorsement to Buckeye's policy covering Hoffman and Kuhn, which provides the following:

"It is understood and agreed that the Automobile Liability Insurance provided by Coverage C and D of form Auto 6698 of the above captioned policy applies to any trailer owned by other than the named insured, while being operated with a power unit leased or rented from the named insured, provided the power unit is not operating under the rights or authority of others."

This endorsement extends coverage to any trailer owned by someone other than Hoffman and Kuhn, while being operated by a tractor owned by Hoffman and Kuhn, provided that the tractor is being operated by Hoffman and Kuhn. It does not become effective in this fact situation, because it is un-

disputed that the tractor was not being operated by Hoffman and Kuhn at the time of the accident.

Therefore, the pertinent parts of the lease control this case. Considering the lease and the two insurance policies, along with the above-mentioned facts in the record, Shelby is responsible for the loss caused by its insured's driver and must indemnify Buckeye for the accident.

For the foregoing reasons, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

REILLY, J., of the Tenth Appellate District, sitting for W. BROWN, J.